UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EDUARDO SIMMONS, also known as
Ricardo Reyna,

                Plaintiff,

  -against-

CITY OF NEW YORK, Officer BOODRAM
(Badge # 7159); Prisoner MARK ORTIZ,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-2036 (PKC) (SMG)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Eduardo Simmons, currently incarcerated at the Otis Bantum Correctional Center ("OBCC"), on Rikers Island, filed this *pro se* action against Defendants pursuant to 42 U.S.C. § 1983 ("Section 1983").[1]  On June 13, 2017, the Court received Plaintiff's signed application to proceed *in forma pauperis*. (*See* Dkt. 7.)  On July 14, 2017, the Court received Plaintiff's signed Complaint. (*See* Dkt. 9).  The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  The Complaint is dismissed in part as set forth below.

## BACKGROUND

      Plaintiff alleges that on May 27, 2015, he notified Defendant Officer Boodram that he had been threatened by a fellow inmate at OBCC, Mark Ortiz. Plaintiff further alleges that Boodram failed to take any action and that Plaintiff was subsequently attacked by inmate Ortiz

---

[1] The Court received Plaintiff's Complaint on March 31, 2017, but it was not signed by Plaintiff as required under Rule 11 of the Federal Rules of Civil Procedure.

1

and sustained injuries as a result of the attack. (*See* Complaint ("Compl."), Dkt. 1 and 9, at ECF 7-13.)[2]

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest") (internal citations and quotations omitted). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Courts generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

---

[2] The Court utilizes the page numbers generated by the Electronic Case Filing ("ECF") system.

**DISCUSSION**

As discussed below, Plaintiff's claims against Defendants the City of New York and Inmate Ortiz must be dismissed.

### A. Dismissal of Defendant City of New York

In order to sustain a claim for relief under Section 1983 against a municipal defendant, such as the City of New York ("City"), a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *See Monell v. Dep't of Social Servs of the City of N.Y.*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Allen v. Antal*, 665 F. App'x 9, 14 (2d Cir. 2016) (summary order); *Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011); *Plair v. City of N.Y.*, 789 F.Supp.2d 459, 469 (S.D.N.Y. 2011) ("Following *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard . . . ."); *see also Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (summary order) (claim against municipal entity was properly dismissed under 28 U.S.C. § 1915 for "failure to plausibly allege that any constitutional violation resulted from a custom, policy, or practice of the municipality."). Here, Plaintiff fails to allege any facts indicating that OBCC had a policy or custom that resulted in the alleged attack on him by inmate Ortiz or that would otherwise justify municipal liability. For this reason, Plaintiff's Complaint against the City of New York is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A; 1915(e)(2)(B).

### B. Dismissal of Defendant Ortiz

Plaintiff's Complaint also fails against Defendant Mark Ortiz. Section 1983 allows suit against individuals acting under state law. Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)

(for Section 1983 claim, "conduct complained of must have been committed by a person acting under color of state law[]" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (quotations omitted); *cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Here, it is clear that there is no state action on the part of Defendant Ortiz—a fellow inmate at OBCC and the alleged perpetrator of the attack against Plaintiff—for purposes of Section 1983. Ortiz is a private party whose conduct is not attributable to the State. *See, e.g.*, *Gault v. NYPD*, No. 15 CV 935, 2016 WL 3198281, at *2 (E.D.N.Y. June 8, 2016) (dismissing § 1983 claims against private individuals and corporations). Therefore, Plaintiff fails to state a plausible claim against Defendant Ortiz under Section 1983 and the Complaint is dismissed as to this Defendant pursuant to 28 U.S.C. §1915(e)(2)(B).

## **CONCLUSION**

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed as to Defendants City of New York and Mark Ortiz pursuant to 28 U.S.C. §§ 1915A; 1915(e)(2)(B). No summons shall issue as to these Defendants. Plaintiff's claims against OBCC Correction Officer Boodram (Badge # 7159) shall proceed.

The Clerk of Court is respectfully directed to prepare a summons against Correction Officer Boodram, and the United States Marshals Service is respectfully directed to serve the Summons and signed Complaint upon this Defendant without prepayment of fees. The United

4

States Marshal is also directed to serve Local Rule 33.2 Interrogatories and Request for Production of Documents along with the Summons and Complaint upon Defendant Boodram.

In addition, the Clerk of Court is respectfully directed to serve a copy of this Order, a copy of the signed Complaint, a copy of the *in forma pauperis* application, and a copy of Local Rule 33.2 Interrogatories and Request for Production of Documents on the Corporation Counsel for the City of New York, Special Federal Litigation Division.

Lastly, the Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff. The case is respectfully referred to the Honorable Steven M. Gold, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

        SO ORDERED.

        */s/ Pamela K. Chen*
        Pamela K. Chen
        United States District Judge

Dated: August 25, 2017
      Brooklyn, New York